for oral argument is Joseph Albert Tellez v. David Shinn. Well, it says Attorney General for the State of Arizona, but I think that should be Chris Mays. I'm sure counsel on both sides know this, but Mr. Burke was my law clerk almost 30 years ago. Almost? We have an age to bid. Well, certainly you have it. May it please the Court, my name is Michael Burke, and I represent Mr. Tellez in his appeal from the district court's dismissal of his Pro Se 2254 habeas petition. I will keep track of my time and attempt to reserve two minutes for rebuttal. Following Mr. Tellez's Pro Se notice of appeal, this Court issued a COA concerning the question of whether he had procedurally defaulted Claim 1 of his habeas petition, which this Court described as a claim of ineffective assistance to counsel, and specifically whether his claim that counsel was ineffective presenting a justification defense over his objection was procedurally defaulted. In our briefing, we identified three arguments, alternative arguments, for why the claim is not procedurally defaulted. The first is that the claim was presented in his Pro Se motion for reconsideration to the Arizona Court of Appeals, and the Arizona Court of Appeals reviewed that motion and denied it after consideration. Our second argument is that Mr. Tellez is still able to return to state court to exhaust his claim. We've been referring to it as a McCoy claim. The Court is aware of McCoy, and that is the basis of the claim here. Can I ask you, is it a McCoy claim or is it an IAC McCoy claim? Your Honor, I think that they're so closely linked. And I yesterday submitted a rule, a 28J letter, where it normally is referred, it has been referred to as both a McCoy claim and effective assistance of counsel for failing to recognize the client's right to have autonomy over the course of their. So what, how do you view it as a true McCoy claim or an IAC McCoy claim? In this case, in this case, I view it as an IAC claim based on McCoy. And how do you get out of kind of the Martinez issue then of establishing, if it's an IAC claim, of establishing prejudice? Because it's only the real McCoy that's structural that would avoid that. So isn't that a problem for you if it's an IAC claim under Martinez? Under Martinez? Under Martinez, Your Honor, we would need to show that post-conviction counsel was ineffective under Strickland standard, deficient performance, and that Mr. Tejas was prejudiced by that. Our argument with regard to that is that post-conviction counsel was made aware by Mr. Tejas, as was all of his counsel, that he objected to his trial counsel's refusal to acknowledge his right to maintain his innocence. When did he do that? Because as I understand, McCoy is about contemporaneous at-trial objections and everything else is Nixon, IAC. It is, Your Honor, but the interesting thing about comparing McCoy and Nixon is in Nixon, the Florida Supreme Court twice remanded the case for evidentiary development to determine whether Mr. Nixon had expressed any position on whether his attorney was going to concede his guilt. Here, we have nothing on the record from the Arizona court, from the trial court, that shows that Mr. Tejas made any comments at all during trial. He didn't even testify. But immediately after, he notified his direct appeal counsel. So even a year before McCoy was even decided, Mr. Tejas was making it clear that the course of his trial had been against his will. Well, McCoy didn't exist at that time, and it's since been held to be not retroactive. So how do we judge the performance at trial in terms of IAC? In this case, this is such a unique case for habeas purposes because McCoy came down while Mr. Tejas' case was still on direct appeal. So McCoy applies to his case under Griffith v. Kentucky. So we don't have to worry about retroactivity here. There's no question that McCoy governs Mr. Tejas' trial. But if we're looking at it as an IAC-McCoy claim, why doesn't it fail for lack of prejudice under Strickland? Because, I mean, the outcome here, I'm not quite sure how you can show that the result was prejudicial to him. I mean, he did a lot better. I mean, he could have done a lot worse here with the second-degree murder. It's just an interesting case, as you say, because his lawyer, even though he disagreed, Mr. Tejas disagreed with the lawyer's decision on how to go forward and didn't respect Mr. Tejas' desire to pursue a misidentification defense, he was found not guilty of the second-degree murder. So I'm trying to figure out, I mean, didn't he fare better or, you know, here? And he could have fared a lot worse. He certainly could have, Your Honor. The point here, though, is that under McCoy, McCoy says that the error that occurred at Mr. Tejas' trial is a structural error. So we can't consider, it's impossible to consider. But that's why I was asking you, though, is this an IAC McCoy claim or is this an actual McCoy claim? Because I don't, I mean, can you have it both ways here? And I'm not, it's just an honest question. I'm trying to figure it out myself. No, and I admit it's a strange combination. But, yes, you can. Let's say, for example, you had a client, a defendant who was deprived of his right to testify on his own behalf because he was told by his attorney that that was the attorney's decision, and the attorney said, you're not getting up there. That would be a violation of his substantive right to represent, to testify on his own behalf. It would also be ineffective assistance of counsel. But it seems like there might be two areas of daylight between this claim and the McCoy claim that would get you to structural error. The first I think we've discussed in that there was no McCoy-involved contemporaneous objections in the courtroom before the judge that were not addressed. The second, though, is the difference between trial strategy and the client's objectives. And in this case, I think as Chief Judge Murkia has said, both of the choices that your client presented and that his counsel went with were pointed in the same direction. Both would have been sufficient here for acquittal, which is different for McCoy, is it not? It doesn't go to the client's objective of saying, I don't care whether I'm acquitted. I want to be found. McCoy is different. No, I respectfully, I don't see the distinction. Mr. Tejas's position was, I'm innocent. And my attorney is getting up there and saying, I was there and I shot the man. But I am innocent. I was not there. It's the same thing that happens in a McCoy case. It's the exact same thing. He has the fundamental right, a structural right. You don't even have to look at error. If his right to determine the objective of his litigation has deprived him, it is. But his trial. But he didn't object at trial. That's a critical sort of piece here, I think, isn't it? It is, Your Honor, which is if I may kind of backtrack a little bit, which is why we have asked the court to allow Mr. Tejas to return to state court, because this does need factual development. Why isn't that futile given the procedural default that it seems like it may be plain under Rule 32 in Arizona? I disagree that it is plain, Your Honor. And this court's. Why? First, this court must look at only one question. Is his claim under McCoy plainly meritless? And we submit that it is not plainly meritless. He has identified. The claim falls under Nixon-McCoy. It's somewhere either Nixon or McCoy. We have no way of knowing. Mr. Tejas is unable to develop that critical fact in Federal court because of the restrictions on the development of evidence and habeas. And we believe that he is at the very least entitled to request from the district court a rind stay so that he can go back. And if the Arizona courts decide that it is precluded, then Mr. Tejas may have a different argument to make. I'm out of almost out of time. So that's all right. You're OK. Maybe go a little bit over time. Just I just had some questions. If you went back to Arizona state court to exhaust the claim, I'm trying to figure out what cases that you would point to in state court to show that McCoy is a significant change in the law, because that's one of the rules that you're pointing to right now. It is. It is one of them. And the in Crewsbury, Arizona, last year, the Supreme Court of the United States said that a significant change in the law occurs when the prior decisions of a court are necessarily overruled by the new rule. And that would be our argument that prior to McCoy, as for example, as the district court itself noted in this case, and it noted incorrectly that the issue was one of trial strategy that fell within the province of the trial attorney. That was wrong. And there's so that case law has been overturned and Arizona case law overturned by McCoy. So that would allow us to come back under that provision. Also, we submit that the right that of which he was deprived to control his own defense was one that he would have to waive. That's what you argue in the footnote. Is that the Arizona rule of criminal procedure? Thirty two point two. A three. Yes. Yes. OK. And what would you point to in support of that claim that would allow you to go forward or be successful at the state? The fundamental fundamental nature of the right of which Mr. Taylor's was deprived is one that. As McCoy explains, cannot be deprived of deprived him without his consent. And we don't know. Obviously, we have the Nixon versus McCoy question here. But if it is a McCoy Clay case, then our argument is that that right couldn't just be subvote denied him. But don't we have to sort of predict how likely Mr. Taylor's would be successful in obtaining a relief under the state procedural rules? What do we know? You're right. We don't think we have to do that. No, you're on. In fact, you actually precluded from doing that. Your only analysis is whether his claim is plainly meritless, which is a very, very low standard. The fact that we are have been talking for now almost 15 minutes about this issue suggests that it is not a plainly meritless case. So he should be entitled to return to state court. Do we know how Arizona courts are treating these kinds of claims after Shin versus Ramirez? Well, Your Honor, are they permitting the petitioners to develop a record? I do not know that after Shin. I do not know how the state courts are. And with particular regard to McCoy, again, this is a very unusual case because we are in postconviction. The Arizona courts have said it's not retroactive in collateral proceedings. But in Mr. Taylor's case, there's the distinction that under Griffith the case does apply to him. I apologize for going so far. I have one more question because I want to make sure. Because you're saying that Martina's framework governs here, even though I think McCoy explicitly said it's not applying an IAC claim. I'm really struggling with the McCoy versus straight or somebody said the real McCoy versus, you know, an IAC McCoy claim. Right. And I and I I believe obviously this is not a criticism, but I believe the problem is with the language that was used in McCoy. That says we do not apply our ineffective assistance of counsel jurisprudence. That being that we aren't going to apply Strickland, we're not going to look to prejudice. What might help is I read the petitioner's brief before the Supreme Court in McCoy and it discusses it both as an substantive claim and as an IAC claim. The court simply resolved it as a as a substantive claim because they had the record there. So they are in our position is that they are just inextricably intertwined. OK, thank you. Thank you. Good morning. May it please the court. My name is Joshua Smith, assistant attorney general, representing the respondents in this matter. The district court properly found that Mr. Taylor's claim was procedurally defaulted, regardless of whether this court views it as a real McCoy claim or an IAC claim that implicates McCoy. Mr. Taylor has never raised the claim in a procedurally appropriate manner in state court, and he can't return to state court. Why wasn't the motion for reconsideration sufficient to exhaust his claim or his multiple attempts? You have to admire Mr. Tay as to some degree here. I mean, he a trial. He has a lawyer. He you know, he didn't say anything to the judge, but I don't think he knew he could. And so then when he comes to the appeal, he is telling his appellate direct appeal lawyer, hey, you know, please assert this as as an issue. And then he tells the post conviction and they're both they both they both say no to him. And it looks like he might have a McCoy claim. Well, when you look at the motion to reconsider, he doesn't actually assert a McCoy claim. And what he does is makes factual assertions that at most implicate McCoy because he doesn't argue that I'm entitled to relief because my lawyer raised self-defense over my objections. He's arguing. And that's true. And just how much leniency because our case law says that we should give, you know, pro se appellate some leniency in trying to figure out what their claim is. So does he not afford it in this situation? And I'm not arguing it. I'm just I'm sincerely asking. Well, even brought even if you want to broadly construe it, it's still not a McCoy claim. It's an IAC claim really being raised in a motion to reconsider. It wasn't a claim that he raised in his original opening brief. And in Arizona, claims that aren't raised in your opening brief are generally waived on appeal. You can't raise it for the first time in reply. You can't raise it for the first time in the Arizona Supreme Court. So logically, you can't raise it for the first time in a motion to reconsider. The only exception is within the rule itself, which allows you to raise something if the law, if there's been a new decision. But McCoy was decided before his opening brief was filed. It wasn't in the Green and Chambers case. Did they hold those claims exhausted under similar circumstances? Well, in green, the Washington Supreme Court changed its opinion in response to the motion to reconsider. That didn't occur here. Here, the court just summarily denied relief. And then in Chambers, the Nevada Supreme Court said that it reviewed the pleadings, it reviewed the attachments to the pleadings, and it reached the conclusion that its intervention wasn't warranted. In that language, this court concluded was enough to suggest that it was an adjudication on the merits. Here, it's just they wrote, we considered the motion and it's denied, which could mean that we just looked at it, but we don't adjudicate the merits. The motion is also four times the page limit that's allowable for a motion to reconsider. So they could simply just be denied on that procedural basis that it is overlong and the court's not going to consider it. But again, the substantive basis of the McCoy claim was never raised in the motion to reconsider. But does Harrington apply at that point, though, in terms of like, don't we interpret that they didn't say why, that they did consider it? Well, even if you wanted to say Harrington applies, you still have the problem of the McCoy claim was never actually raised in the motion to reconsider. Instead, it's an IAC claim, and IAC claims cannot be asserted on direct appeal in Arizona. And then when you get to the PCR proceedings, Arizona courts don't allow the kind of hybrid representation Mr. Tejas was seeking. So his McCoy claim raised in his PCR proceedings was never considered at all. The courts summarily struck it and did not address it in any way whatsoever. And now he cannot return to the state court to try to exhaust it now. Even under the two rules that he's arguing in Arizona? Even if those rules applied, it doesn't change the fact it's untimely. He's known about this claim for since at the earliest his direct appeal, and it's been over three years since his PCR appeal was denied in the Arizona Supreme Court, and he has not tried to raise a successive claim in the state PCR court. He could have tried to file a successive PCR petition and said, I tried to raise this claim. My lawyer didn't raise it, and the court didn't consider it, and I want to raise it now. But he hasn't done that, and three years is not a reasonable time in which to raise it. So even assuming for the sake of argument that the two rules identified in the briefing by Mr. Tejas would allow him to raise it, it doesn't change the fact that it's untimely and it would be precluded on that independent basis. But isn't there a lot of or some uncertainty right now on how Arizona, I mean, if he went and filed with Arizona right now, what would happen? It seems like there's some, or do you know, let me ask you, do you know how Arizona courts are treating these kind of claims post-Shinn? I'm not sure if there's been any real change in how they're treated post-Shinn. The state's position is that a McCoy claim has to be raised on direct appeal. McCoy requires a contemporaneous objection. If there's no contemporaneous objection, then there is no McCoy claim. And does it matter to you whether it's an actual, I think I asked this already, actual McCoy claim or an IAC McCoy claim? Either way, it's procedurally defaulted. It's just the way you get to the procedural default changes depending on whether it's an actual McCoy claim or an IAC claim. If it's an IAC claim, it's much more straightforward because his attempt to raise the McCoy claim, the PCR was clearly procedurally improper and was never considered at all on the merits. And it's still been, and again, it's still untimely. And if you're looking at the rule 32.1, even if you want to look at the 32.1G, there's been no change in the law because it's still an IAC claim. But your colleague across the aisle is arguing that all he needs to show that, you know, is a claim that he has a merit to his claim that's not meritless. Well, he's relying on Dixon. And Dixon was talking about the actual merits of the claim. It didn't address whether this court can consider the procedural bars. And the procedural bar here is plain. It's untimely. So on that basis, it's meritless because there's no possibility that the Arizona courts will consider this claim. It's three years past his original PCR being denied. And he's known about this claim. Can you point to any cases? You're pretty confident in that. But can you point to any? This seems like it's kind of evolving right now on all these Martinez type of claims. I don't have any case offhand. I can say where they say X amount of time is unreasonable. But this is a case where Mr. Tejas has known about this claim since, at the very least, his direct appeal. And he's had three years since the denial of his original PCR to try to seek a successive PCR to try to raise this claim. He hasn't done so. You say that with the inference maybe being that he didn't do anything. He tried multiple times. And you're saying that despite his efforts, because he didn't do it the way it needed to be technically done, we can't look at that? Yes. In the context of, like, the 2254E2 analysis, this court has held that failure to comply with state procedural rules precludes a finding of diligence for trying to expand the record on that basis. And he hasn't complied with the state's procedural rules. And, again, he could have attempted a successive PCR at any time over the past three years, but certainly right after his habeas petition was pending and attempted to raise this McCoy claim on the basis that my lawyers never raised this and this is a claim I want to raise. And he hasn't done so. And three years is not a reasonable time when you've known about the claim the entirety and you've tried to raise it before. But even if you don't think it's untimely under that rule, 32.1G doesn't apply. First of all, if it's a substantive McCoy claim, there has been no change in the law. 32.1G is intended for situations where after your direct appeal or after your PCR is resolved, the law has changed and it allows you to do it. So it would be like a situation. Mr. Smith, how do we know that? I mean, the precedent's a little thin in Arizona on whether McCoy was or wasn't a change for purposes of the rule. Regardless of whether it's a substantial change in the law, because McCoy applied on his direct appeal, the law did not change as it applied to Mr. Tejas's case. McCoy was the law at the time his direct appeal applied. So if this were a situation where McCoy was decided after his direct appeal was resolved, that would probably be a closer question. But here, because McCoy applied to his case under Griffith, there has been no change in the law. And the second part of 32.1G is the new law has to apply retroactively under Teague. And this Court has held that McCoy does not apply retroactively under Teague. So no matter which way you look at it under 32.1G, McCoy is not a change in the law. How about 32.2? I mean, why doesn't this personal waiver rule apply here? Well, initially I would say that that argument's not sufficiently developed, as I noted in my answering brief. Raising an argument summarily in a footnote's not sufficient to develop it. Well, let's say it is. Well, when you go under 32.2A3, what you do is you look to, if it's a substantive McCoy claim, the McCoy right isn't a right that's really a minimal to a personal waiver. The kind of personal waiver that rule looks to is the kind where there is a ‑‑ It looks like it's very much a personal waiver. But the rule is looking more to a waiver involving where there would be a personal colloquy with the judge. So the Arizona case law looking at it is like ‑‑ What's your case on that? I believe I cited to Stewart. I forget the case off the top of my head, but I did cite the cases in my brief. But it's the cases where they found a personal waiver along the lines of your right to a jury trial, your right to a 12‑person jury, which is a right under the Arizona Constitution, right to counsel. So it's the kind of right where there's a personal colloquy with the judge. Under McCoy, if you don't object to the counsel's strategy to concede guilt or raise self‑defense, then you've effectively waived the right. And McCoy requires a contemporaneous objection. And here there has been no ‑‑ there was no contemporaneous objection. This is more like Nixon. And in Nixon, the U.S. Supreme Court said that there was no ‑‑ You say in McCoy, are you arguing that it explicitly states that it requires an objection? I think it's implicit under McCoy because McCoy did not overrule Nixon. And Nixon is a situation where there was no contemporaneous objection, and McCoy there was. And I think ‑‑ and I see I'm over. Can I finish? Yes, I gave your friend across the aisle more time. Just the logic of McCoy, if you allow a McCoy claim to be raised without a contemporaneous objection, it allows for a perverse incentive for defendants to basically try to gain the system, which, as you pointed out here, Mr. Tellez benefited greatly from the self‑defense. He was acquitted of the second-degree murder. But if he's allowed to now raise a McCoy claim without making the contemporaneous objection, he then gets the benefit of that self‑defense claim and then another trial to try to get an acquittal on the aggravated assaults. And the state would not be allowed to retrial him in the second-degree murder because he's already been acquitted of that. So the fact that Nixon was not overturned by McCoy and Nixon did not have a contemporaneous objection, but McCoy did, implicit in that is that for McCoy there has to be a contemporaneous objection. Otherwise, there's not a ‑‑ otherwise you're in a Nixon situation. And I understand your argument, but there's no case that you can point to right now that has stated that, right? No, that's just implicit in the fact that McCoy didn't overrule Nixon. If McCoy thought that Nixon was no longer good law in light of what they said, they would have overruled Nixon. But that Nixon remains when there is no objection means that for a real McCoy claim, you have to object at the time. I'm just trying to figure out if we know for certain that the state court will dismiss the success petition as procedurally barred under state law. And I think you've given me your best argument on that. Yeah. Is that right? Under the rules of criminal procedure, it would be untimely because three years is not a reasonable time in which to raise a claim that you've known about that entire time frame. But in Arizona, there is no time limit to reasonably ‑‑ you don't have a reasonable time to discover the claim, but once you do discover it, you have to raise it in a reasonable time. But that is taking into account that the motion for reconsideration and his other references in these petitions that he tried to ‑‑ the supplemental sort of filings that he had are not sufficient. Yes. The PCR ones were not procedurally proper, and so they weren't considered by the courts at all. And in the motion to reconsider ‑‑ What should he have done at that point, at that PCR stage, when his lawyer ‑‑ he talked to his lawyer, and his lawyer said, no, I know better than you do. He could have filed a motion to either ask the WAVE counsel and represent himself, or he could have filed a successive PCR petition after the initial one was denied in order to try to raise the claim. There are things he could have filed with the court, but at the very least, he could have tried to do a successive PCR petition, and in the successive PCR petition explain that I wanted to raise this claim, none of my lawyers have raised this claim, I wanted to raise this claim now, and I think if he had done so in the immediate aftermath of his original PCR, the state court would have said, okay, state, you know, we'll let you do that. So he was trying to do that, but you said he was not ‑‑ because he wasn't successful in how he did at the vehicle, he's out of luck. Because he was represented by counsel, and counsel filed a merits PCR petition, and Arizona doesn't generally allow for hybrid representation and didn't allow for hybrid representation here. Okay. If there are no other questions, I would ask that this court affirm the district court's denial of this habeas petition. Thank you. Thank you, Mr. Smith. Mr. Berg. Very briefly, Your Honor. The discussion that the court has had with respondent counsel shows why the federal courts are prohibited by issues of comedy and federalism from interpreting the state court rules with regard to this. This is something for the Arizona courts to determine. And under Rhines, all this court can determine is whether Mr. Tejas's claim is plainly meritless, and it is not. So that is why this ‑‑ But you also have to show that it's not procedurally barred, don't you? It's not just plainly meritless. Well, I believe that the plainly meritless would apply to the entire universe. Is it procedurally barred? It is not clearly procedurally barred. As the discussion for the last ten minutes suggests, there's a lot of questions there. Those are questions that the Arizona court has ‑‑ courts have the right to decide, not this court. Thank you. Thank you very much. Mr. Berg and Mr. Smith, thank you so much for your oral argument presentations here today. The case of Joseph Albert Tejas Jr. versus David Shin now. Chris Mason. Who's in charge of changing that? Mr. Shin is the director of the ‑‑ Oh, I'm sorry. The attorney general for the ‑‑ you're right. He's the director of the ‑‑ Thank you.
judges: MURGUIA, HAWKINS, JOHNSTONE